UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOHNNY HENRY TRONCOSO, | No. C 14-938 LB |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF No. 8] |
| M. E. SPEARMAN, Warden, | |
| Respondent. | |
| _____/ | |

## INTRODUCTION

Johnny Henry Troncoso filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent now moves to dismiss the petition as time-barred. Mr. Troncoso opposes the motion, arguing that any untimeliness should be excused because he is actually innocent. This order rejects the actual innocence argument and dismisses the petition because it was not filed before the expiration of the habeas statute of limitations period.

## BACKGROUND

Mr. Troncoso was charged in two cases in Santa Clara County Superior Court that resulted in one aggregate sentence. Following a jury trial in case number FF407380, Mr. Troncoso was convicted of shooting at an occupied motor vehicle, assault with a firearm, and being a felon in

possession of a firearm. Sentence enhancement allegations for prior convictions were found true. In case number FF405319, Mr. Troncoso pled guilty to transportation of methamphetamine and stipulated that it was for personal use. He was sentenced to a total term of 14 years in state prison for both cases.

Mr. Troncoso appealed. The California Court of Appeal affirmed the judgment of conviction on November 27, 2006. The California Supreme Court denied his petition for review on February 28, 2007.

Several years later, Mr. Troncoso began his efforts to seek habeas relief in the state courts. His first petition for writ of habeas corpus in the Santa Clara County Superior Court was filed on December 11, 2011, and denied on February 8, 2012. His first petition for writ of habeas corpus in the California Court of Appeal was filed on March 19, 2012, and denied on March 28, 2012. His second petition for writ of habeas corpus in the Santa Clara County Superior Court was filed on February 5, 2013, and denied on March 12, 2013. His second petition for writ of habeas corpus in the California Court of Appeal was filed on March 28, 2013, and denied on August 16, 2013. His petition for writ of habeas corpus in the California Supreme Court was filed on September 23, 2013, and denied on December 11, 2013, with case citations indicating it was rejected as untimely and for other procedural reasons.

Mr. Troncoso then filed this action. His federal habeas petition has a proof of service stating that he mailed it from prison to the court on February 14, 2014. *Id.* at 24. The petition came to the court in an envelope with a February 19, 2014 postmark and was stamped "filed" on February 28, 2014. ECF No. 1-1 at 2; ECF No. 1 at 1. His federal petition is deemed to have been filed on February 14, 2014, under the prisoner mailbox rule. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

**DISCUSSION**

**I. Petitioner Missed The Deadline**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to

filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A-D).

Here, the judgment became final upon the conclusion of direct review and the limitations period started on May 29, 2007, ninety days after the California Supreme Court denied the petition for review on February 28, 2007. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought writ of certiorari, regardless of whether he did so). The presumptive deadline for Mr. Troncoso to file his federal petition was May 29, 2008.

The one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Mr. Troncoso did not file any state habeas petition during the one-year limitations period that ended on May 29, 2008. His state habeas petitions filed in 2011 and later did not toll the limitations period that had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). He therefore receives no statutory tolling.

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "'A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Mr. Troncoso makes no argument for any equitable tolling, and none is apparent. Equitable tolling is not warranted.

**II. Petitioner Does Not Pass Through The Actual Innocence Gateway**

A federal court may hear the merits of successive, abusive, procedurally defaulted, or untimely claims if the failure to hear the claims would constitute a miscarriage of justice. The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."

*Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." *Schlup*, 513 U.S. at 316 & n.32. The actual innocence gateway established in *Schlup* is available to a petitioner whose petition is otherwise barred by AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim." *Schlup*, 513 U.S. at 316. The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Id.* at 321.

Mr. Troncoso argues that his habeas petition should not be rejected as untimely because he is actually innocent. Although he mentions actual innocence, most of his argument in the petition and opposition to the motion to dismiss is that the evidence was insufficient at trial to prove that he was the perpetrator of the shooting at an occupied vehicle and assault with a firearm crimes. Mr. Troncoso points to trial testimony from several witnesses who failed to identify him as the perpetrator or recanted at trial their earlier statements that he was the shooter. *See* ECF No. 1 at 7-9.

Mr. Troncoso has not shown that he is entitled to pass through the actual innocence gateway. A credible showing of actual innocence requires "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Mr. Troncoso has not pointed to any new evidence that was not presented at trial. Instead, he simply argues that the evidence that was presented at trial was insufficient to support the verdict. The argument based solely on sufficiency of the evidence that *was* presented does not establish actual innocence.[1]   Mr. Troncoso therefore does not pass through

---

[1] Mr. Troncoso's insufficient evidence argument is not only legally inadequate to show actual innocence, it likely would have no success as a due process claim that the evidence was insufficient to support the verdict. The California Court of Appeal's opinion described the various sources of evidence that connected Mr. Troncoso to the shooting. *See* ECF No. 8-1 at 2-6. The inculpatory evidence included witness statements to police that the shot was fired from a green Explorer with

the *Schlup* gateway to enable review of otherwise untimely claims challenging his conviction.

In summary, the limitations period began on May 29, 2007 and was not statutorily or equitably tolled. The limitations period expired on May 29, 2008. Mr. Troncoso does not pass through the actual innocence gateway. His federal petition filed on February 14, 2014 is time-barred.

### III.   No Certificate of Appealability

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### CONCLUSION

Respondent's motion to dismiss is GRANTED. ECF No. 8. The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

**IT IS SO ORDERED.**

Dated: July 31, 2014

_____
LAUREL BEELER
United States Magistrate Judge

---

only one occupant; Mr. Troncoso's admission to investigators he was driving a green Explorer and present at the shooting (although denying he was the shooter); witness Martinez's statement to police that Mr. Troncoso was the shooter; the victim's statement to the police that there was a 50/50 chance that Mr. Troncoso was the shooter when showed a photo line-up that included Mr. Troncoso's picture; the victim's statements to police indicating he thought the shooting might be gang-related and did not want to testify out of fear of retaliation; and the victim's statement to his wife that Mr. Troncoso said he would give the victim a motorcycle if the victim said shooter was not Mr. Troncoso. *Id.* Although neither the victim nor witness Martinez identified Mr. Troncoso at trial as the shooter, their trial testimony did not cause their earlier inculpatory statements to disappear.